# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 96-30702
Summary Calendar

---

ERICO DAVIAS,

Plaintiff-Appellant,

versus

D.C. JENKINS; AL HAYNES; UNIT
MANAGER SHELDON; AL HAYES, Counselor;
JOHN DOE, Case Manager; JOHN DOE,
Records Clerk,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Louisiana
(95-CV-1525)

---

December 17, 1996

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Erico Davias, a federal prisoner, appeals the dismissal with prejudice of his

action brought under the holding of **Bivens v. Six Unknown Named Agents**.[1]  His

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] 403 U.S. 388 (1971).

inadequate medical care claim and the claims against all of the defendants other than Warden D.C. Jenkins are deemed abandoned as they are not advanced on appeal.[2] The district court did not abuse its discretion in dismissing Davias' action under 28 U.S.C. § 1915(e)(2)(B)(i) as his allegations lack any reasonably arguable basis in fact or law.[3] The dismissal with prejudice was proper as the allegations cannot be cured by an amendment.[4]

Davias' assignment of error is wholly without merit. This appeal is frivolous,[5] and it is DISMISSED.[6] Davias' motions relative to additional briefing and appointment of counsel are DENIED.

We caution Davias that any further frivolous appeals filed by him or on his behalf will invite the imposition of the full panoply of sanctions. If he has any other pending appeal(s), Davias is also cautioned to review it to ensure that it presents nonfrivolous issues.

APPEAL DISMISSED. SANCTIONS WARNING ISSUED.

---

[2]**Brinkmann v. Abner**, 813 F.2d 744 (5th Cir. 1987).

[3]**Denton v. Hernandez**, 504 U.S. 25 (1992).

[4]**Graves v. Hampton**, 1 F.3d 315 (5th Cir. 1993).

[5]**Howard v. King**, 707 F.2d 215 (5th Cir. 1983).

[6]Local Rule 42.2.